Chairman, Hon. Jeffrey H. Langton, Member, Hon. David Cybulski and Member, Hon. Katherine R. Curtis.

**FROM: The District Court of the 13th Judicial District. County of Yellowstone.**

STATE OF MONTANA,
Plaintiff,                                          No. DC-00-648
vs.                                                     Decision
SHAWN T. SMALLEN,
Defendant,

On June 20, 2001, the defendant was sentenced to the following: Count I: Twenty (20) years in the Montana State Prison, for the offense of Aggravated Assault; and Count II: Twenty (20) years in the Montana State Prison, with five (5) years suspended, for the offense of Aggravated Assault, to run consecutively with the sentence imposed in Count I.

On October 11, 2001, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Ben Reed. The state was represented by Daniel Schwarz.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed, with the modification that the

defendant be ineligible for parole for the first twenty (20) year term of the sentence. Also, if there is, in fact, some level of mental illness, the Board recommends constant medication management as a condition of probation/parole.

The reasons for the modification are based on the seriousness and viciousness of these offenses and the fact that there were two victims in this case; the severe injuries to the victims were from multiple attacks, based on the fact that the fractures were in multiple stages of the healing process; and the PSI recommended incarceration for an extended period of time. It is the Board's opinion that this man is a clear and present danger to anyone he comes into contact with, especially vulnerable victims. This parole restriction will ensure that the victims of this offense are adults, and able to take care of themselves, when the defendant is released from prison.

Done in open Court this 11th day of October, 2001.

DATED this 14th day of November, 2001.

Chairman, Hon. Jeffrey H. Langton, Member, Hon. David Cybulski and Member, Hon. Katherine R. Curtis.